IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REGAN HODGES, et al.,

    Plaintiffs,

v.

FARM BUREAU PROPERTY &
CASUALTY INSURANCE COMPANY,

    Defendant.

Case No. 6:24-cv-01031-HLT-GEB

## MEMORANDUM AND ORDER

This is an insurance dispute. Plaintiffs, the children of a man who died while unloading grain from a trailer, sue Defendant, which issued an insurance policy to the farm where the accident occurred. Plaintiffs seek to collect under the policy. Defendant moves for judgment on the pleadings and argues that the allegations in the complaint conclusively establish that there is no coverage under the policy. Doc. 39. But language in the policy raises questions about the extent of coverage and whether the exclusion Defendant relies on applies. The Court therefore denies Defendant's motion because judgment on the pleadings is not warranted at this stage.

**I.    BACKGROUND**[1]

Plaintiffs are the children of Timothy Hunt. Doc. 1 at ¶¶ 1-4. On September 20, 2019, Hunt was working for Butts Farms, where he was instructed to unload grain from the back of a 2006 Timpte Grain Trailer. *Id.* ¶ 9. The trailer was attached to a truck. *Id.* ¶ 10. At approximately 11:15 a.m., Hunt was seen standing in the back of the trailer operating a grain vacuum system, which was attached to the trailer. *Id.* ¶¶ 11-12. At 12:12 p.m., Hunt was found buried under the grain

---

[1] The following facts are taken from the well-pleaded allegations in the complaint and are assumed to be true.

inside the trailer. *Id.* ¶ 13. While Hunt was using the grain vacuum, the grain in the trailer gave way, causing Hunt to sink. *Id.* ¶ 15. Hunt died as a result of being submerged in the grain. *See id.*

At the time, Butts Farms was insured under a policy issued by Defendant. *Id.* ¶ 16. Defendant denied coverage. *Id.* ¶¶ 19-20. Plaintiffs subsequently arbitrated this matter with Butts Farms. *Id.* ¶ 24. An arbitrator awarded Plaintiffs $12,250,000 against Butts Farms. *Id.* ¶ 26. After the award was confirmed by a state court and a final judgment was entered, *id.* ¶ 27, Butts Farms assigned to Plaintiffs its breach-of-contract claim against Defendant, *id.* ¶ 30. Plaintiffs now sue Defendant for the amount of the arbitration award based on the terms of the policy.

Defendant moves for judgment on the pleadings and argues that the allegations in the complaint conclusively establish there is no coverage under the policy. Doc. 39. The policy is attached to the complaint, Doc. 1-1, and is properly considered, *Truman v. Orem City*, 1 F.4th 1227, 1238 n.7 (10th Cir. 2021) ("Courts can consider not only the complaint but also attached exhibits and documents incorporated into the complaint by reference."). The Court discusses the relevant policy provisions in the analysis.

## II.     STANDARD

A motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard that governs a motion under Rule 12(b)(6). *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003). A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). A claim is plausible if there is sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In making this determination, a court must accept as true all

well-pleaded allegations in the complaint, but it does not accept legal conclusions or conclusory statements. *Id.* at 678-79.

**III.   ANALYSIS**

Defendant moves for judgment on the pleadings. It cites three provisions of the policy that it contends Plaintiffs cannot recover under based on the facts alleged in the complaint: (1) the Personal Liability Module, (2) the Mechanical Devices exclusion under the Vehicle Liability Module, and (3) the Umbrella Liability Section.

> **A.   Defendant's argument about the Personal Liability Module is moot because Plaintiffs don't seek coverage under that provision.**

Defendant's first argument is that the accident is not covered under the policy's Personal Liability Module because Hunt was an excluded farm/ranch employee and his death occurred in the course of his employment with Butts Farms. Doc. 39 at 5-7. Plaintiffs state in their response that they do not seek coverage under this portion of the policy. Doc. 44 at 2. Accordingly, the motion is denied as moot on this point.[2]

> **B.   Defendant's request for judgment on the pleadings based on the Mechanical Devices exclusion is denied.**

Defendant's second argument is that Plaintiffs have alleged facts demonstrating that the Mechanical Devices exclusion applies and bars coverage. This issue turns on the interpretation of the policy. "[A]n insurance policy constitutes a contract, and the interpretation of a contract is a question of law." *BancInsure, Inc. v. F.D.I.C.*, 796 F.3d 1226, 1233 (10th Cir. 2015). Courts should "consider the policy as a whole, rather than viewing provisions in isolation." *Id*.

---

[2]   Plaintiffs contend that the different modules of the policy operate separately. Doc. 44 at 2. Defendant does not dispute (or address) this issue in its reply.

Defendant's primary argument is that the facts alleged in the complaint "conclusively establish[] the application of the mechanical devices exclusion of the Policy." Doc. 39 at 9. The Mechanical Devices exclusion is just that—an exclusion to coverage. It is found in the Vehicle Liability Module of the policy. The Mechanical Devices exclusion states "[t]here is no coverage for 'damages' 'arising out of' the movement of property by a mechanical device, other than a hand truck, <u>not attached to 'your personal vehicle.'</u>" Doc. 1-1 at 33 (emphasis added). The policy's definition of "your personal vehicle" does not include trailers. *Id.* at 29. Because the complaint alleges the grain vacuum was attached to the trailer, and there are no other allegations that would suggest the grain vacuum was attached to anything that would otherwise satisfy the definition of "your personal vehicle," Defendant argues the Mechanical Devices exclusion must apply and preclude coverage. In other words, Defendant seems to be arguing that there can only be coverage for damages arising out of the movement of property by a mechanical device if that mechanical device is attached to a personal vehicle, and here, the mechanical device was allegedly attached to the trailer, which is not a personal vehicle. Therefore, Defendant contends the Mechanical Devices exclusion precludes coverage.

However, Plaintiffs' response points out additional language in the policy that calls into question the arguments made by Defendant. Backing up a few steps, the policy includes a Vehicle Section, as well as a Vehicle Liability Module, which is part of the Vehicle Section. *Id.* at 26-34. The Vehicle Section primarily provides an introduction and a glossary of terms. *Id.* at 26-29. This is where "your personal vehicle" is defined to not include trailers. *Id.* at 29.[3]

---

[3] "Trailer" is separately defined in the Vehicle Section. Doc. 1-1 at 28.

Plaintiffs start with the grant of coverage in the Vehicle Liability Module.[4] The Bodily Injury Liability Coverage provision in that module states that it covers damages resulting from bodily injury "to which these coverages apply involving the ownership, operation, maintenance, use, loading, unloading or negligent entrustment of 'your personal vehicle.'" *Id.* at 30. The use of quotes for "your personal vehicle" incorporates the definition of that term found in the glossary of the Vehicle Section. *Id.* at 26. This is the definition that does not include trailers. *Id.* at 29.

However, Plaintiffs note that the Vehicle Liability Module also includes a provision titled "Vehicle Trailer Liability." *Id.* at 30. That provision states: "Coverage under this module [the Vehicle Liability Module] is extended to cover . . . [a]ny 'trailer' you own, and . . . [a]ny non-owned 'trailer' while used by an 'insured' with a 'personal vehicle' we insure for liability." *Id.* The Vehicle Liability Module states that it combines with the provisions in the Vehicle Section (and General Section) of the policy to "provide the vehicle liability coverages you selected." *Id.* Finally, the Vehicle Liability Module includes a provision stating that the definitions in the Vehicle Section apply, but where "a word is defined in more than one location, the definition in this module [the Vehicle Liability Module] takes precedence for the coverages described in this module." *Id.* at 32.

Plaintiffs argue that although the definition of "your personal vehicle" in the more general glossary of the Vehicle Module does not include trailers, the Vehicle Trailer Liability provision in the Vehicle Liability Module expressly extends coverage to trailers. Doc. 44 at 9. In other words, in Plaintiffs' view, the phrase "your personal vehicle" as it is used in both the Bodily Injury Liability Coverage provision (which grants coverage) and in the Mechanical Devices exclusion

---

[4] On this point, Plaintiff is correct that this analysis typically starts with whether there is coverage under the policy before considering whether any exclusions would limit that coverage. Defendant's analysis focuses only on the exclusion. It is not clear whether Defendant agrees there would be coverage but for the Mechanical Devices exclusion.

(which excludes some coverage) has been modified to extend to trailers by virtue of the Vehicle Trailer Liability provision.

Defendant does not address the Vehicle Trailer Liability provision or Plaintiffs' argument that the provision modifies the definition of "your personal vehicle" in its reply. This is somewhat problematic because the argument Defendant seems to be advancing is that there is no coverage for trailers, which seems to run counter to at least some terms in the policy. At the very least, Plaintiffs' arguments introduce some questions about the scope of the policy that the Court is not able to untangle at the pleading stage and on this record. The Court therefore cannot grant Defendant judgment on the pleadings based on the arguments made in its motion.[5]

Finally, Defendant briefly argues that, even assuming coverage extended to trailers, Plaintiffs have not pleaded that the grain vacuum was attached to the trailer. Doc. 39 at 9-10. The Court disagrees. The complaint states that the "grain vacuum system was . . . attached to the Trailer." Doc. 1 at ¶ 12. At this stage of the case, this allegation is sufficient. Although whether the grain vacuum was attached to the trailer as that term is used in the policy may be an important question in this case, that does not transform the factual allegation that it was attached to the trailer into an impermissible legal conclusion.

In sum, Plaintiffs have alleged Hunt suffered fatal injuries while using a grain vacuum attached to the trailer. The Court is unable to conclude at this stage whether the policy covers or excludes damages incurred under those circumstances. Defendant is therefore not entitled to judgment on the pleadings.

---

[5] To be clear, the Court finds only that Defendant has not established that it is entitled to judgment on the pleadings. Plaintiffs have not moved for judgment on the pleadings, nor does the Court decide the ultimate issue of whether there is coverage under the policy. It only finds that it cannot grant Defendant judgment on the pleadings on the current record.

### C. Defendant's argument regarding the Umbrella Liability Section is premature.

Defendant argues there is no coverage under the Umbrella Liability Section because there is no coverage under the primary policy. Doc. 39 at 13-14. As discussed above, this has not been established. Defendant's motion on this point is denied.

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Defendant's Motion for Judgment on the Pleadings (Doc. 39) is DENIED.

IT IS SO ORDERED.

Dated: February 26, 2025          /s/ *Holly L. Teeter*
                                  HOLLY L. TEETER
                                  UNITED STATES DISTRICT JUDGE